United States District Court
Southern District of Texas
**ENTERED**
November 13, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TAMMIE SMITH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-03919 |
| | § | |
| ASI LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

As I have stated before, "I hate, hate, hate motions for sanctions." *Boshears v. Polaris Eng'g, Inc.*, No. 3:22-cv-00053, 2023 WL 2572204, at *1 (S.D. Tex. Mar. 20, 2023) (quotation omitted). "I am a firm believer that sanctions should rarely be imposed." *Luong v. Kroger Tex. L.P.*, No. 3:19-cv-00194, 2020 WL 6060923, at *1 (S.D. Tex. Oct. 14, 2020). For sanctions to be warranted, "[t]he conduct must be beyond the pale." *Total Safety U.S., Inc. v. Code Red Safety & Rental, LLC*, No. 4:19-cv-03836, 2021 WL 805554, at *2 (S.D. Tex. Mar. 3, 2021). This case, unfortunately, is one of those few cases in which death-penalty sanctions are completely justified.

This is an insurance coverage dispute. Plaintiff Tammie Smith seeks to recover damages for (1) alleged mold throughout her home and (2) frozen pipes resulting from Winter Storm Uri.

Here is a short summary of Smith's complete and utter disregard for the discovery process: On February 28, 2024, Defendant ASI Lloyds served requests for production and interrogatories on Smith. Although Smith timely responded to the written discovery, ASI Lloyds complained that the responses were inadequate. The discovery dispute was referred to me, and I held a hearing on June 20, 2024, to address the matter. The next day I issued an order finding that Smith had "failed to provide proper responses" to ASI Lloyds' discovery requests. Dkt. 29 at 1. I

ordered Smith to provide "complete, non-evasive, and newly verified answers" to certain interrogatories and "complete, non-evasive responses" to certain requests for production within 21 days. *Id.* I concluded that order by stating "that if [Smith] does not comply with this ORDER, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b), the case may be dismissed with prejudice." *Id.* at 2.

Smith did not comply with my June 21, 2024 order. Smith's counsel informed me that they "diligently attempted to obtain the required discovery responses from [Smith]," but "have completely lost communication with [their] client." Dkt. 37 at 1. Smith's counsel subsequently sought to withdraw from this case. *See* Dkt. 38. I set a hearing on the motion to withdraw for September 10, 2024. Smith's counsel and my court staff notified Smith by mail, telephone, and email of the hearing, but she failed to appear. I even called Smith during the September 10, 2024 hearing to see if she wanted to participate, but I received her voice mail and left a message. On the day of the hearing, I issued a written order allowing Smith's counsel to withdraw from the case. *See* Dkt. 42. In that order, I stated:

> I previously ordered [Smith] to provide certain discovery responses. *See* Dkt. 29. I will give [Smith] one more chance. By October 4, 2024, [Smith] must provide complete, non-evasive, and newly verified answers to Defendant's Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 11, 13, 14, 15, 16, and 17. [Smith] must also provide complete, non-evasive responses to Defendant's Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19, and 20.

*Id.* at 1.

October 4, 2024, has come and gone. Despite my clear and unmistakable instructions, Smith has not provided complete and non-evasive discovery responses. Given Smith's refusal to participate in the discovery process, ASI Lloyds has filed a Motion for Sanctions and Dismissal of the Case. *See* Dkt. 45.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to impose sanctions when a party fails to comply with a discovery order. Rule 37

specifically includes "dismissing the action or proceeding in whole or in part" as a potential sanction. FED. R. CIV. P. 37(b)(2)(A)(v). As one district court noted:

> Dismissal is authorized in whole or in part when the failure to comply with the court's order results from wilfulness [sic] or bad faith, accompanied by a clear record of delay or contumacious conduct, and not from the inability to comply. *PHI, Inc. v. Off. & Pro. Emps. Int'l Union*, 2009 WL 1658040, at *3 (W.D. La. 2009) (citing *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)). Stated differently, dismissal is appropriate where a party's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply. *Id.* (citing *Griffin v. ALCOA*, 564 F.2d 1171, 1172 (5th Cir. 1977)). Dismissal is proper in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Id.* (citing *Batson*, 765 F.2d at 514). Additionally, the misconduct must substantially prejudice the other party's preparation for trial. *Id.* Dismissal is inappropriate when neglect is plainly attributable to the attorney rather than the client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Id.*

*Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40 (W.D. La. 2017).

The Fifth Circuit has made clear that a "dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quotation omitted). As a result, several factors must exists before a district court may dismiss a case as a sanction for violating a discovery order: (1) the discovery violation must have been committed willfully or in bad faith; (2) the client, rather than counsel, must be responsible for the violation; (3) the violation "must substantially prejudice the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994) (quotation omitted). All four factors are present here.

The first factor—that the discovery violation was committed willfully or in bad faith—is easily met. As recounted above, I issued an order on June 21, 2024, ordering Smith to respond to outstanding written discovery. She ignored that order. I then issued a written order on September 10, 2024, ordering her again to

respond to outstanding discovery. She ignored that order as well. Her refusal to abide by this court's orders is not an innocent mistake, but rather represents a complete disregard for our judicial system.

The second factor asks whether the client, rather than counsel, is responsible for the violation. Because Smith is now representing herself pro se, she has no counsel to blame for her actions. My September 10, 2024 order stated in no uncertain terms that Smith needed to fully answer certain discovery requests. She ignored that order. Any blame rests on her shoulders, and her shoulders alone.

As far as the third factor—whether the violation substantially prejudiced the opposing party—, Smith's refusal to participate in the discovery process unquestionably prejudices ASI Lloyds, as it prevents ASI Lloyds from investigating Smith's claims and preparing for trial.

Finally, the fourth factor asks whether a lesser sanction would substantially achieve the desired deterrent effect. I understand that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *Id.* at 1380 (quotation omitted). But I am at a loss to devise any lesser sanction that could conceivably deter such disobedience in similar circumstances. I specifically warned Smith in my June 21, 2024 order that her failure to completely respond to outstanding discovery could result in dismissal. Nonetheless, Smith continues to neglect her discovery obligations.

Given Smith's complete unwillingness to participate in the discovery process and her repeated refusal to comply with this court's orders, dismissal of this lawsuit pursuant to Rule 37(d) is appropriate. Accordingly, I recommend that this case be **DISMISSED WITH PREJUDICE**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 13th day of November 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE